RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MODERN CONTINENTAL                )
CONSTRUCTION CO., INC.,           )
              Plaintiff           )
                                  )        **03 - 10878 RCL**
                                  )
              v.                  )        CIVIL ACTION NO. _____
                                  )        _Bowler_ MAGISTRATE JUDGE
RLI INSURANCE COMPANY,            )
              Defendant           )

## DEFENDANT'S NOTICE OF REMOVAL

Now comes the defendant, RLI Insurance Company ("RLI") and hereby files its Notice of

Removal pursuant to 28 U.S.C.A. §1446. As grounds therefore, RLI states as follows.

The plaintiff has filed a Complaint against RLI in Suffolk County Superior Court alleging

breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II),

unjust enrichment (Count III), declaratory judgment (Count IV) and violation of M.G.L.A. c. 93A

(Count V). See plaintiff's Complaint, attached as **Exhibit A**. The Complaint was filed on March

4, 2004 and served on RLI by mail on April 9, 2004. The plaintiff's claim involves the

interpretation of a policy of "builder's risk" insurance which RLI issued to the plaintiff in

connection with certain construction at Logan International Airport.

The plaintiff, Modern Continental Construction Co., Inc., is a Massachusetts corporation

with a principal place of business in Cambridge, Massachusetts. Plaintiff's Complaint, ¶1. The

defendant, RLI, is an Illinois insurance company with the principle office of the corporation

located in Peoria, Illinois. Plaintiff's Complaint, ¶2. In their Complaint, the plaintiff states that

they have sustained damages in excess of $5,220,868.00. Plaintiff's Complaint, ¶30 and 34. See

Also Plaintiff's Civil Action Cover Sheet, **Exhibit B**.

28 U.S.C.A. §1332 provides that the United States district courts shall have original jurisdiction of all civil actions where there is diversity of citizenship and the amount in controversy exceeds $75,000. In this matter, there is diversity of citizenship as the plaintiff is located in Massachusetts and RLI is an Illinois insurance company with a principle place of business in Illinois. The amount in controversy exceeds the threshold amount of $75,000, as the plaintiffs seeks damages of $5,220,868.00, exclusive of costs and interest. Therefore, this matter clearly falls within district court jurisdiction under 28 U.S.C.A. §1332. Diversity of citizenship is grounds for a party to seek removal under 28 U.S.C.A. §1441. Accordingly, the foregoing Notice of Removal is filed pursuant to 28 U.S.C.A. §1446.

Wherefore, the defendant, RLI Insurance Company requests that the Court remove this action pursuant to 28 U.S.C.A. §1446.

Respectfully submitted,
RLI Insurance Company,
By their attorneys:

**REGAN & KIELY LLP**

Robert E. Kiely (BBO #556640)
Syd A. Saloman (BBO #645267)
85 Devonshire Street
Boston, MA  02109
(617) 723-0901

2

A

Received at: 2:46PM, 4/20/2004

# COPY

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

04-0948

MODERN CONTINENTAL CONSTRUCTION
COMPANY, INC.,

Plaintiff,

v,

RLI INSURANCE COMPANY,

Defendant.

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiff Modern Continental Construction Co. brings this action against Defendant RLI Insurance Company as a result of the defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of M.G.L. c. 93A. The plaintiff also seeks declaratory relief in the form of an order of the Court declaring that the plaintiff's claims are covered by the insurance policy at issue, and that the defendant is therefore liable to the plaintiff for its damages.

RECEIVED

MAR 04 2004

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

Received at: 2:46PM, 4/20/2004

## PARTIES

1.     Plaintiff Modern Continental Construction Co., Inc. ("MCC") is a Massachusetts corporation with a usual place of business at 600 Memorial Drive, Cambridge, Massachusetts.

2.     Defendant RLI Insurance Company is a duly-organized Illinois insurance company, with a principal place of business at 9025 North Lindbergh Drive, Peoria, Illinois, and is conducting business in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to M.G.L. c. 223A, § 3(a), because the defendant is transacting business within the Commonwealth of Massachusetts; and under M.G.L. c. 223A, § 3(f), because the defendant is contracting to provide insurance within the Commonwealth of Massachusetts.

4.     Venue is proper because the property insured is located in Boston, Suffolk County, Massachusetts, and the loss occurred there.

## FACTS

5.     MCC entered into Contract No. MPA 1.652 (the "Contract") with the Massachusetts Port Authority on the Logan Airport Modernization Project (the "Project") to construct the new International Gateway/Terminal E at Logan International Airport. Included in MCC's contract work was the installation of the lightweight structural concrete deck (the "structural slab"), the normal weight bonded concrete overlay (the "in-fill slab"), and the thin terrazzo floor walking surface in the Terminal E ticketing concourse (collectively, the "Contract Works").

6.     The defendant is an insurer who, for a valuable premium, provided Builder's Risk Coverage in the amount of Four Hundred Eighty-one Million Eight Hundred Seventy-eight

Received at: 2:46PM, 4/20/2004

Thousand Dollars ($481,878,000.00) under a specific policy of insurance (RLI Policy number RBL0001094) (the "Policy") to MCC, among others, in connection with the Project, which Policy became effective in July 2000, and was in effect at all times relevant hereto.

7.    MCC's Contract Work was covered under the above-referenced Policy.

8.    On or about March 14, 2002, MCC determined that the in-fill slab had delaminated and had caused loss and damage to the Contract Works, which loss and damage MCC subsequently remediated, by, *inter alia*, removing and replacing the in-fill slab.

9.    While removing the in-fill slab, which had bonded to the structural slab, portions of the structural slab were removed with the in-fill slab, which also caused damage to the Contract Works, which loss and damage MCC subsequently remediated.

10.    The loss and damage to MCC's Contract Works was unforeseeable and fortuitous.

11.    The defendant received notice of the damage to the in-fill slab and the structural slab at or about the time it occurred.

12.    MCC submitted a number of Proofs of Loss for the damage to the Contract Works beginning in June of 2002.

13.    On or about September 25, 2002, Mr. Robert Clarke, adjuster for the defendant, informed MCC by letter that the Policy "of course, provides that coverage exists for any resulting damage."

14.    On or about January 17, 2003, MCC submitted a Partial Proof of Loss (dated December 13, 2002) which Partial Proof of Loss covered only the costs of repairing the underlying structural slab.

15.    On or about October 10, 2003, MCC submitted its final Proof of Loss. The final Proof of Loss includes the cost of repairing the structural slab and all other presently known

Received at: 2:46PM, 4/20/2004

costs resulting from the loss, including without limitation, the costs of removing and replacing the in-fill slab, the costs of extra expense and soft costs, as defined in the Policy, loss resulting from lack of ingress and egress, debris removal and expediting expenses.

16.    The defendant has repeatedly denied MCC's claim.

17.    The above-described delamination of the in-fill slab caused damage and physical loss to the Contract Works, for which damage and physical loss there was coverage under the Policy, and which damage and physical loss was not excluded under the provisions of the Policy.

18.    The actual damage caused by the delamination of the in-fill slab included, but was not limited to, direct physical loss and damage; debris removal costs; demolition and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs."

19.    The defendant has inspected the site of the losses, has obtained additional information by direct meeting and consultation with MCC personnel, and has conducted a review of documentation, and has obtained a report by its own expert that concludes that MCC did not use defective materials or perform defective workmanship.

20.    MCC has demanded, on a number of occasions, that the defendant acknowledge that there is coverage under the Policy for the physical loss and damage to the Contract Works as a result of the delamination of the in-fill slab, and for, inter alia, the debris removal costs; demolition costs and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs" incurred as a result of the damage that occurred to the Contract Works.

Received at: 2:46PM, 4/20/2004

21.    Despite the presentation of the Proofs of Loss, and MCC's demands that the defendant acknowledge coverage for MCC's claims, the defendant has failed, refused and neglected to pay MCC's claims.

22.    MCC has satisfied all conditions precedent to the maintenance of this action.

## COUNT I
## BREACH OF CONTRACT

23.    MCC realleges and incorporates by reference the allegations of Paragraphs 1 through 22 as set forth above.

24.    For good and valuable consideration, the defendant entered into a written contract, the Policy, with the Massachusetts Port Authority to provide "Builders Risk" insurance coverage to MCC on the Project.

25.    MCC is the Insured under the Policy.

26.    Pursuant to the terms of the Policy, the defendant was to provide coverage for risk of physical loss or damage to the Contract Works.

27.    Pursuant to the terms of the Policy, MCC made valid claims under the Policy for physical loss or damage resulting from the delamination of the in-fill slab.

28.    The defendant has failed, refused, and neglected to acknowledge coverage to MCC for the physical loss or damage caused by the delamination of the in-fill slab or for the resulting debris removal costs; demolition and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs."

29.    Despite repeated requests by MCC and multiple opportunities for the defendant to cure its default, the defendant has breached and continues to breach the terms of the Policy.

Received at: 2:46PM, 4/20/2004

30.    Defendant's breach of the contract has caused and continues to cause MCC damage in an amount in excess of $5,220,868.00.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING

31.    MCC realleges and incorporates by reference the allegations of Paragraphs 1 through 30 as set forth above.

32.    The Policy requires the defendant to perform certain obligations, which obligations carry with them an implied covenant of good faith and fair dealing.

33.    The defendant has breached the implied covenant of good faith and fair dealing by:

(a)    failing and refusing to effectuate prompt, fair and equitable settlement of MCC's claims; and

(b)    failing and refusing to settle even a portion of MCC's claims, where liability is more than reasonably clear, in order to influence the settlement of the remainder of MCC's claims.

34.    As a result of the defendant's breach of the implied covenant of good faith and fair dealing, MCC has sustained damages in an amount in excess of $5,220,868.00, plus interest and costs.

## COUNT III
## UNJUST ENRICHMENT

35.    MCC realleges and incorporates by reference the allegations of Paragraphs 1 through 34 as set forth above.

36.    Pursuant to the terms of the Policy, the defendant was to provide coverage for physical loss or damage to the Contract Works and for, inter alia, debris removal costs, demolition and increased cost of construction; expediting expenses; service interruption costs;

Received at: 2:46PM, 4/20/2004

loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs" incurred as a result of the damage that occurred to the Contract Works.

37.    Pursuant to the terms of the Policy, MCC made a valid claim for coverage for the physical loss and damage to the Contract Works and for the debris removal costs, demolition and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs" incurred as a result of the damage that occurred to the Contract Works.

38.    The defendant has failed, refused, and neglected to acknowledge coverage to MCC for the physical loss and damage to the Contract Works and resulting debris removal costs, demolition and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs" where liability is more than reasonably clear.

39.    The defendant has been unjustly enriched by the use and enjoyment of the sums of money which are due and owing to MCC under the Policy.

Received at: 2:46PM, 4/20/2004

## COUNT IV
### DECLARATORY JUDGMENT

40.    MCC realleges and incorporates by reference the allegations of Paragraphs 1 through 39 as set forth above

41.    As the issuers of the Policy, the defendant is liable for all of the monetary damages that MCC has suffered as a result of the physical loss and damage to the Contract Works and for the debris removal costs; demolition and increased cost of construction; expediting expenses; service interruption costs; loss caused by changes of temperature or humidity; loss resulting from lack of ingress and egress; and extra expense and "soft costs" incurred as a result of the damage that occurred to the Contract Works.

42.    Pursuant to Mass. Gen. Laws c. 231A *et seq.*, an actual controversy exists between MCC and the defendant with respect to whether, as a result of the delamination of the in-fill slab and the physical loss and damage caused to the Contract Works by the delamination of the in-fill slab, coverage is provided under the Policy; and whether the defendant is obligated to compensate MCC pursuant to the Policy.

## COUNT V
### M.G.L.A. c. 93A

43.    MCC realleges and incorporates by reference the allegations of Paragraphs 1 through 42 as set forth above.

44.    MCC is engaged in trade or commerce as such terms have been defined by, and construed under, Mass. Gen. Laws c. 93A, §§ 1, 2 and 11.

45.    The defendant is engaged in trade or commerce as such terms have been defined by, and construed under, Mass. Gen. Laws c. 93A, §§ 1, 2 and 11.

Received at 2:46PM, 4/20/2004

46.    The acts and conduct of the defendant as set forth above constitute unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws c. 93A, §§ 2 and 11.

47.    The unfair and deceptive acts and practices of the defendant occurred primarily and substantially within the Commonwealth of Massachusetts.

48.    The defendant's use and employment of such unfair and deceptive acts and practices has adversely affected MCC, in that it has caused, and will have the effect of causing, MCC to suffer a foreseeable loss of money or property.

49.    The defendant's use and employment of such unfair and deceptive acts and practices was willful and knowing and has caused MCC to suffer foreseeable monetary losses, thereby entitling MCC to multiple damages, costs and attorneys' fees pursuant to Mass. Gen. Laws c. 93A.

WHEREFORE, Modern Continental Construction Company, Inc. demands that this Court:

1.    Declare that MCC's claims are covered by the Policy, and that the defendant is therefore liable to MCC under the Policy in amounts which will be made to appear, together with interest thereon and costs;

2.    Enter judgment against the defendant in amounts which will be made to appear, together with interest thereon and costs;

3.    Award MCC treble damages and attorneys' fees pursuant to Massachusetts General Laws, Chapter 93A; and

4.    Award such other relief as this Court deems meet and just.

Received at: 2:46PM, 4/20/2004

## JURY DEMAND

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

**MODERN CONTINENTAL
CONSTRUCTION CO., INC.,**

By its attorneys,

Joel Lewin, Esquire
BBO No. 298040
Eric F. Eisenberg, Esquire
BBO No. 544682
Erin M. Boucher, Esquire
BBO No. 631403
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 345-9000

Dated: 3/4/04

**B**

Received at: 2:46PM, 4/20/2004

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) B.L.S. 04-0948 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

COPY

| PLAINTIFF(S) Modern Continental Construction Co., Inc. | DEFENDANT(S) RLI Insurance Company |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Eric F. Eisenberg Hinckley, Allen & Snyder LLP 28 State St., Boston, MA 02109 (617) 345-9000 Board of Bar Overseers number: 544682 | ATTORNEY (if known) |

Origin Code

Original Complaint

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BK.1 | Insurance | ( B ) | ( x )Yes ( ) No |

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This case falls within the class of cases that presumptively qualify for admission to the Business Litigation Session on two distinct grounds: (1) this case involves "claims involving alleged breaches of contract... [with] complex factual or legal issues... likely to require complex case management"; and (2) the claims asserted include insurance claims that have complex factual or legal issues, which are likely to require complex case management.  See Chief Justice Suzanne V. DelVecchio, Notice to the Bar, Business Litigation Session, Suffolk Superior Court, 29 Massachusetts Lawyers Weekly 268 (October 2, 2000) (subpara e, k) (emphasis supplied).  Modern Continental Construction Co., Inc. seeks recovery of $5,220,868.00 under a Builder's Risk Insurance Policy for damage and physical loss to its contract works arising out of the delamination of a terrazzo floor walking surface at the Logan Airport Modernization Terminal E Construction Project.

RECEIVED

MAR 04 2004

SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

| Signature of Attorney of Record | DATE: 3-4-04 |
|---|---|

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000