UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10878 RCL

| | |
|---|---|
| MODERN CONTINENTAL CONSTRUCTION, INC., <br> Plaintiff, <br><br> v. <br><br> RLI INSURANCE COMPANY, <br> Defendant | ) ) ) ) ) ) ) ) ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant RLI Insurance Company ("RLI"), by its attorneys, Regan & Kiely, for its answer to the Complaint of Modern Continental Construction, Inc. ("Modern"), states the following, upon information and belief:

### AS TO THE PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the Complaint.

2.    Admits the allegations set forth in paragraph "2" of the Complaint.

### AS TO JURISDICTION AND VENUE

3.    Denies the allegations set forth in paragraphs "3" and "4" of the Complaint. RLI has removed this action to the United States District Court District of Massachusetts in accordance with 28 U.S.C.A. §1332 because there is a diversity of citizenship and the amount in controversy exceeds $75,000.

### AS TO THE FACTS

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

-2-

5. Denies the allegations set forth in paragraphs "6" and "7" of the Complaint except admits that RLI issued its policy number RBL0001094 to Massachusetts Port Authority (Owner) for the term of July 1, 2000 to July 1, 2004, all of the terms, conditions and provisions of which defendant respectfully begs leave to refer at the trial and all other stages of this action and begs leave to refer all questions of law to the court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "8" and "9" of the Complaint.

7. Denies the allegations set forth in paragraphs "10" and "11" of the Complaint except admits that RLI was notified of a claim for damages to the concrete overlay slab in the concourse area under construction at Terminal E - International Gateway at Logan Airport, Boston, Massachusetts and for costs associated in repairing the damages and begs leave to refer all question of law to the court.

8. Denies the allegations set forth in paragraphs "12" through "16" of the Complaint except admits that RLI received a letter dated January 17, 2003 which attached a Partial Proof of Loss dated December 13, 2002, that it received a Partial Proof of Loss dated October 10, 2003 for which RLI timely denied coverage under the Policy and that it received a Proof of Loss dated January 16, 2003 for additional costs to repair the damaged concrete overlay slab in the concourse area under construction at Terminal E - International Gateway at Logan Airport, Boston, Massachusetts which RLI neither accepted nor rejected but reviewed subject to receipt of requested information that was not supplied and begs leave to refer all questions of law to the court.

9. Denies the allegations set forth in paragraphs "17" through "22" of the Complaint accept admits that Modern sought payment under the Policy for damages in connection with its

-3-

repairs to the concrete overlay slab in the concourse area under construction at Terminal E - International Gateway at Logan Airport, for which RLI conducted an investigation including requests for information and documentation that were never received and that RLI has made no payment with respect to the alleged loss and begs leave to refer all questions of law to the court.

## AS TO COUNT I - BREACH OF CONTRACT

10. RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "22" of the Complaint to the extent those allegations are realleged in paragraph "23" of the complaint.

11. Denies the allegations set forth in paragraphs "24" through "30" of the Complaint except admits that RLI issued policy number RBL0001094 to Massachusetts Port Authority (Owner) for the term of July 1, 2000 to July 1, 2004, all of the terms, conditions and provisions of which defendant respectfully begs leave to refer at the trial and all other stages of this action and that RLI was notified of a claim in connection with damage to the concrete overlay slab in the concourse area under construction at Terminal E - International Gateway at Logan Airport, Boston, Massachusetts and begs leave to refer all questions of law to the court.

## AS TO COUNT II-BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

12. RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "30" of the complaint to the extent those allegations are realleged in paragraph "31" of the complaint.

13. RLI denies the allegations set forth in paragraphs "32" through "34" of the Complaint and begs leave to refer all questions of law to the court .

-4-

### AS TO COUNT III-UNJUST ENRICHMENT

14.  RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "34" of the complaint to the extent those allegations are realleged in paragraph "35" of the complaint.

15.  RLI denies the allegations set forth in paragraphs "36" through "39" of the Complaint and begs leave to refer all questions of law to the court .

### AS TO COUNT IV-DECLARATORY JUDGMENT

16.  RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "39" of the complaint to the extent those allegations are realleged in paragraph "40" of the complaint.

17.  RLI denies the allegations set forth in paragraphs "41" through "42" of the Complaint and begs leave to refer all questions of law to the court .

### AS TO COUNT V - M.G.L.A., c. 93A

18.  RLI repeats, reiterates, and realleges each of its responses to the allegations contained in paragraphs "1" through "42" of the complaint to the extent those allegations are realleged in paragraph "43" of the complaint.

19.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "44" and "45" and begs leave to refer all questions of law to the court.

20.  Denies the allegations set forth in paragraphs "46" through "49" of the complaint.

-5-

## FIRST AFFIRMATIVE DEFENSE

21. The Policy provides in pertinent part as follows:

> 11. PERILS EXCLUDED
>
> This policy does not insure:
>
> ***
>
> b. against the cost of making good defective design or specifications, faulty material or faulty workmanship; however, this exclusion shall not be applied to loss or damage resulting from such defective design or specifications, faulty material or faulty workmanship;

22. By reason of the foregoing, to the extent that plaintiff's losses constitute the cost of making good defective design or specifications, faulty material or faulty workmanship, defendant has no liability to plaintiff.

## SECOND AFFIRMATIVE DEFENSE

23. The Policy provides in pertinent part:

> 9.d. Extra Expense
>
> (1) Extra Expense incurred by the First Named Insured resulting from loss, damage or destruction of property described in Clauses 9a, 9b and 9c by any of the perils covered herein during the term of this policy.

24. By reason of the foregoing, to the extent that plaintiff's claim for extra expense arises out of damage or destruction of property by any peril excluded under the Policy, namely, "the cost of making good defective design or specifications, faulty material or faulty workmanship," defendant has no liability to plaintiff.

-6-

### THIRD AFFIRMATIVE DEFENSE

25. The Policy provides in pertinent part:

> 9.e. <u>Soft Costs</u>
>
> > (1) Loss resulting from a Delay in Completion of the project caused by loss, damage or destruction by any of the perils covered herein during the term of this policy to real or personal property described in Clauses 9a, 9b and 9c.

26. By reason of the foregoing, to the extent that plaintiff's claim for soft costs arises out of damage or destruction of property by any peril excluded under the Policy, namely, "the cost of making good defective design or specifications, faulty material or faulty workmanship," defendant has no liability to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

27. The Policy provides in pertinent part:

> 9.f. <u>Provisions Applicable to Extra Expense and Soft Costs Coverages:</u>
>
> > \* \* \*
> >
> > (6) <u>Ingress/Egress</u>: This policy is extended to cover the loss sustained during the period of time when, as a direct result of a peril insured against, ingress to or egress from real or personal property is thereby prevented.

28. By reason of the foregoing, to the extent that plaintiff's claim for lack of ingress/egress arises out of damage or destruction of property by any peril excluded under the Policy, namely, "the cost of making good defective design or specifications, faulty material or faulty workmanship," defendant has no liability to plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

29. The Policy provides in pertinent part:

16. DEBRIS REMOVAL

   This Policy covers the following expenses resulting from a peril insured against:

   a. the cost of removal of debris or property covered hereunder, including the cost of demolition and site clearance of any portion of the insured property no longer useful for the purpose for which it was intended;

   b. the cost of removal of debris of property not insured hereunder from the job site.

30. By reason of the foregoing, to the extent that plaintiff's claim for expenses for debris removal result from a peril excluded under the Policy, namely, "the cost of making good defective design or specifications, faulty material or faulty workmanship," defendant has no liability to plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

31. If it is determined that coverage exists under the Policy, recovery is limited by all applicable deductibles, limits, sub-limits, and other provisions of the Policy relating to the extent of liability, if any.

## SEVENTH AFFIRMATIVE DEFENSE

32. If it is determined that coverage exists under the Policy, RLI is not be liable to the extent that Modern has failed to comply with the conditions, terms, and provisions of the Policy including but not limited to the cooperation clause in the policy.

## EIGHTH AFFIRMATIVE DEFENSE

-8-

33. The complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L., Ch. 93A.

### NINTH AFFIRMATIVE DEFENSE

34. By way of affirmative defense, the defendant says that the plaintiff has failed to comply with the conditions precedent to the bringing of this action, as required by Massachusetts General Laws, Chapter 93A.

WHEREFORE, defendant, RLI Insurance Company demands judgment dismissing plaintiff's claims and such other relief as the Court deems proper.

Dated:    Boston, MA
          May 26, 2004

>                                For the Defendant,
>                                RLI Insurance Company,
>                                By its attorneys,
>
>                                **REGAN & KIELY**
>
>                                _____
>                                Robert E. Kiely, Esquire (BBO #556640)
>                                85 Devonshire Street
>                                Boston, Massachusetts 02109
>                                (617)723-0901

I hereby certify that this document has been served upon all counsel of record in compliance with the FRCP

5/2./04